NATIONAL FIRE INS. CO. OF HARTFORD, CONN. v. JOHN KNEIDEL, JR.

WANT OF ENDORSEMENT OF CHATTEL MORTGAGE INCUMBRANCE ON PERSONAL PROPERTY DEFEATS RECOVERY ON POLICY MAKING IT A PREREQUISITE.

A condition in a fire insurance policy on personal property that it shall be void if the property is incumbered by a chattel mortgage without indorsement thereon is reasonable and binding on insured, and in the absence of evidence that the omission of such endorsement was the result of fraud or mistake, no recovery can be had thereon; notwithstanding an allegation and proof that insured, when the policy was taken out, had informed the agent of such incumbrance.

[For other cases in point, see 5 Cyc. Dig., "Insurance," §§ 582-593.—Ed.]

ERROR to Cincinnati superior court.

**W. T. Porter,** for plaintiff in error.

**M. C. Lykins, C. D. Robertson** and **Burch, Peters & Matthews,** for defendant in error:

Cited and commented upon the following authorities: *Eureka Fire & Mar. Ins. Co.* v. *Baldwin,* 62 Ohio St. 368 [57 N. E. Rep. 57]; *Durbin* v. *Fisk,* 16 Ohio St. 533; *Kehm* v. *Insurance Co.* 12 Dec. 227; *O'Brien* v. *Insurance Co.* 134 N. Y. 28 [31 N. E. Rep. 265]; *Walsh* v. *Insurance Co.* 73 N. Y. 5; *Marvin* v. *Insurance Co.* 85 N. Y. 278 [39

Am. Rep. 657] ; *Hickey* v. *Insurance Co.* 11 Circ. Dec. 135 (20 R. 385) ; *Union Cent. Life Ins. Co.* v. *Hook,* 62 Ohio St. 256 [56 N. E. Rep. 906] ; *Smith* v. *Insurance Co.* 19 Ohio St. 287 ; *Hammel* v. *Insurance Co.* 24 O. C. C. 101 ; *Keith* v. *Insurance Co.* 117 Wis. 531 [94 N. W. Rep. 295] ; *Northern Assur. Co.* v. *Building Assn.* 183 U. S. 308 [22 Sup. Ct. Rep. 133 ; 46 L. Ed. 213] ; *Clemments* v. *Insurance Co.* 153 Fed. Rep. 237 ; *Webster* v. *Insurance Co.* 53 Ohio St. 558 [42 N. E. Rep. 546 ; 30 L. R. A. 719 ; 53 Am. St. Rep. 658] ; *Sun Fire Office* v. *Clark,* 53 Ohio St. 414 [42 N. E. Rep. 248 ; 38 L. R. A. 562] ; *Stevens* v. *Insurance Co.* 81 Wis. 335 [51 N. W. Rep. 555 ; 29 Am. St. Rep. 905] ; *Fries-Breslin Co.* v. *Insurance Co.* 36 Ins. L. J. 804 ; *National Surety Co.* v. *Long,* 125 Fed. Rep. 887 [60 C. C. A. 623] ; *Smith* v. *Insurance Co.* 118 N. Y. 518 [23 N. E. Rep. 883] ; *Germania Fire Ins. Co.* v. *Werner,* 76 Ohio St. 543 [81 N. E. Rep. 980 ; 12 L. R. A. (N. S.) 456 ; 118 Am. St. Rep. 891] ; *Germania Fire Ins. Co.* v. *Schild,* 69 Ohio St. 136 [68 N. E. Rep. 706 ; 100 Am. St. Rep. 663] ; *Farmers Ins. Co.* v. *Wells,* 42 Ohio St. 519 ; *Travelers Ins. Co.* v. *Myers,* 62 Ohio St. 529 [57 N. E. Rep. 458 ; 49 L. R. A. 760].

## SWING, J.

This action is here on error to the judgment of the superior court. Kneidel brought this action in that court against the National Fire Insurance Company on a fire insurance policy, and recovered a judgment. To the petition is attached a copy of the policy of insurance sued on. The policy contained these provisions :

"If the subject of insurance be personal property and become encumbered by a chattel mortgage the policy shall be void. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be endorsed hereon or added hereto and no officer or agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be the subject of agreements, may be endorsed hereon or added hereto and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under the policy exist or be claimed by the insured unless so written or attached hereto."

The defendant filed an answer alleging that at the time the policy was issued there was a chattel mortgage on the property covered by the policy and that it was not endorsed on the policy. Plaintiff filed

Insurance Co. v. Kneidel.

a reply admitting the existence of the chattel mortgage, and that it was not endorsed on the policy, but alleged that at the time the policy was taken out that plaintiff had informed the agent of the company that there was a chattel mortgage on the property, and on the trial the plaintiff introduced evidence tending to prove this allegation.

It is settled law that the conditions contained in this policy are reasonable and are binding on the parties when made. So that the case presented by the record is one where plaintiff sues on a policy which contains a provision that if the property insured is mortgaged, it is to be void, unless the fact of the mortgage is endorsed on the policy. There was a chattel mortgage on the property, and it was not endorsed on the policy. By the express terms of the policy such a state of facts rendered the policy void. No claim was made, and no evidence was introduced tending to show that the endorsement provided for in the policy was omitted by the fraud or mistake of the defendant company, or that the company agreed to place such an endorsement on the policy. It is not sought to reform the policy, but a recovery is sought on the terms of the policy, and it is admitted that the terms of the policy are reasonable and binding on the parties. By the terms of the policy it was to be void if there was a chattel mortgage on the property insured, unless the fact was endorsed on the policy, and it is admitted that there was a chattel mortgage on the property and that was not endorsed on the policy. It follows that the plaintiff, Kneidel, can not recover.

Judgment reversed, and the facts being admitted, judgment will be entered for defendant.

Giffen and Smith, JJ., concur.

---

## EMBEZZLEMENT.

[Hamilton (1st) Circuit Court, 1908.]

Swing, Giffen and Smith, JJ.